CHASEZ, Judge
(dissenting in part).
I am unable to agree with my Associates in their conclusions that the surgeon should not be held to have been at fault in not realizing that a sponge had been left in the abdomen when the incision was sutured.
*244 There is no' doubt that all sponges placed in the patient’s abdomen were so placed by Dr. Golden; and the medical evidence in the record reveals that it is the responsibility of the surgeon (Dr. Golden in this case) to see that all sponges placed in the abdomen of the patient are removed before closing.
This was not done and a surgeon’s failure to remove a sponge before closing an incision is negligence.
The record, without contradiction, shows that every sponge which is used must be attached to a large metal holder and that it should never be detached. Accordingly, a sponge cannot possibly remain in the abdomen unless the holder is removed without a sponge attached to it.
While the surgeon cannot be required to keep a count record of sponges used and removed, he is bound to notice the absence of the sponge if a holder which is removed has no sponge attached. The failure to notice this evidences actual negligence on the part of the surgeon. Furthermore, I feel that the record leaves no doubt that though the nurses and other employees were not selected by the surgeon, they were under his orders and control and pro hac vice became his employees under the doctrine of respondeat superior. I direct attention to what was said by the predecessor of this Court, the Court of Appeal (Orleans) in Jordan v. Touro Infirmary, et al., 123 So. 726, at page 730, said:
“As we have seen from the testimony that the nurses are absolutely under the orders of the surgeons in the operating room and in no manner controlled by the officers of the defendant, it has no responsibility for the acts of the nurses. They may be considered, pro hac vice, as the servants of the surgeon. In this case the surgeon was employed by plaintiff himself.”
Additionally, I adhere to the reasons set forth in the dissenting opinion in Danks v. Maher, La.App., 177 So.2d 412, at page 424, and therefore respectfully dissent herein insofar as the opinion of the majority holds the surgeon free of liability.
CHASEZ, J. is of opinion that a rehearing should be granted.